UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROY LEE HUMPHREY,

Petitioner,

v.

SUPERIOR COURT COUNTY OF SACRAMENTO JUVENILE DELINQUENCY UNIT,

Respondent.

Case No. 2:26-cv-2712-DC-JDP (P)

ORDER

Petitioner, a state prisoner, has filed this section 2254 action seeking federal habeas relief. The petition appears untimely. Out of an abundance of caution, I will grant petitioner an opportunity to amend his petition and explain why, if at all, this action should still proceed. I will also grant his application to proceed *in forma pauperis*, ECF No. 2.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a person in state

custody is subject to a one-year statute of limitations that typically runs from the date on which the judgment was finalized by the conclusion of direct review or the expiration of the time to seek such review. 28 U.S.C. 2244(d)(1)(A). Here, petitioner's conviction occurred in 2006, ECF No. 1 at 23, 69, twenty years before the instant petition was filed. Thus, it appears untimely and incapable of salvation by any tolling.

I will give petitioner one opportunity to amend and explain why, if at all, this claim should still proceed. Within thirty days of this order's entry, petitioner may file an amended petition that addresses this issue.

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2. The petition, ECF No. 1, is DISMISSED with leave to amend.

3. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

4. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

5. The Clerk of Court shall send petitioner a habeas petition form and with this order. If he files an amended complaint, he must use this form.

IT IS SO ORDERED.

Dated: November 17, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE